UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. DOTSON,

    Plaintiff,

    v.

BOMBARDIER MOTOR CORPORATION
OF AMERICA and BRPUS, INC.,

    Defendants.

Case No. 06-cv-4004-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.

As a preliminary matter, plaintiff Brian K. Dotson ("Dotson") is not clear whether he is invoking federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. To the extent that he may be attempting to rely on federal question jurisdiction, it is unclear what federal question is being presented. He makes reference to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, but does not clearly allege that the act has been violated.

To the extent that Dotson may be relying on diversity jurisdiction, there are several defects in his allegations:

1. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Complaint fails to allege the specific states of incorporation and principal place of business of either defendant.

2. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The Complaint alleges Dotson's residence but fails to allege his citizenship.

3. **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. The Complaint alleges only that the amount in controversy exceeds $50,000.

The Court hereby **ORDERS** that the plaintiff shall have up to and including January 27, 2006, to amend the pleading to clarify the basis for federal jurisdiction and/or to correct the jurisdictional defects. Failure to amend the pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: January 13, 2006**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**